UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAURIE ANN SMITH, Individually and as
Administratrix of the Estate of
Thomas J. Blancke, Sr., deceased,                                    **DECISION**
                                                                                  **and**
                                                      Plaintiff,                  **ORDER**

          v.

ADRIAN BAUGH,                                                         **16-CV-906V(F)**
GEORGE BROWN,
MICHAEL WOODARD,
JOHN AND JANE DOES,

                                                      Defendants.
_____

APPEARANCES:              THE COCHRAN FIRM
                                      Attorneys for Plaintiff
                                      STEPHANIE ROSE CORREA,
                                      DEREK SCOTT SELLS, of Counsel
                                      55 Broadway, 23rd Floor
                                      New York, New York   10006

                                      ERIC SCHNEIDERMAN
                                      ATTORNEY GENERAL, NEW YORK STATE
                                      Attorney for Defendants
                                      JOEL J. TARRAGNOLI,
                                      Assistant Attorney General, of Counsel
                                      Main Place Tower
                                      350 Main Street, Suite 300A
                                      Buffalo, New York 14202


          In this § 1983 action, Plaintiff alleges violations of Plaintiff's decedent, Thomas

Blancke, Sr.'s ("Blancke"), Eight Amendment rights while Blancke was incarcerated at

the Five Points Correctional Facility ("Five Points") operated by the New York State

Department of Corrections and Community Supervision ("DOCCS") at which

Defendants were employed as corrections officers.  Specifically, Plaintiff asserts

Blancke's death as a result of a severe beating during the early morning hours of

December 14, 2013, by Blancke's cell-mate, one Brian Karris ("Karris"), was caused by Defendants' wrongful placing Karris, an inmate with violent propensities known to Defendants, in Blancke's cell in retaliation for Blancke's misconduct.  Plaintiff also alleges Defendants Brown and Baugh's failure to intervene promptly after hearing sounds of fighting in the cell further contributed to Blancke's death in violation of Blanche's Eighth Amendment right to receive reasonable protection while a prisoner at Five Points.  Finally, Plaintiff alleges Defendants failed to provide Blancke with more timely medical assistance, unreasonably delayed by Defendants, which if administered promptly could have avoided Blancke's death as a result of Karris's beating.  The record indicates Karris was subsequently convicted in state court of murder in causing Blancke's death.  Plaintiff's claim for loss of consortium has been withdrawn.  Dkt. 31 at 13.

By papers filed September 7, 2018 (Dkt. 27), Defendants moved for summary judgment ("Defendants' motion").  Plaintiff's Opposition was filed October 15, 2018 (Dkt. 31) ("Plaintiff's Opposition").  Defendants' Reply was filed October 26, 2018 (Dkt. 32) ("Defendants' Reply").  In Plaintiff's Opposition, Plaintiff contends Defendants' motion should be denied as Plaintiff has not completed discovery, specifically, depositions in the matter, and requests pursuant to Fed.R.Civ.P. 56(d) ("Rule 56(d)") the court permit Plaintiff to conduct depositions and obtain records pertaining to Defendants' failure to provide Blancke with medications needed to control his behavioral problems, to enable Plaintiff to fully oppose Defendants' motion.  Dkt. 31-1 at ¶¶ 3-5 (noting Plaintiff has not received discovery relating to the appropriateness of assigning Blancke and Karris to the same cell based on their psychological conditions and Plaintiff's lack of opportunity

to examine relevant witnesses including Defendants).  In Defendants' Reply, Defendants argued that although Plaintiff served document requests to which Defendants responded on November 27, 2017, Plaintiff failed to notice and conduct any depositions prior to the cut-off date for discovery of August 9, 2018, established by the Scheduling Order of August 9, 2017 (Dkt. 16), and that Plaintiff never requested an extension of the discovery cut-off date to do so.  Dkt. 32 at 2.  Defendants' motion was thereafter filed one month after the scheduled close of discovery.

Subsequent to Defendants' motion filing, in letters to the court dated December 13, 2019 and December 17, 2019, ("the December 2017 letters") Plaintiff requested leave to include in Plaintiff's Opposition a copy of a report concerning Blancke's death at Five Points issued by the New York State Commission of Correction[1] ("the Commission") dated June 27, 2017 ("the Report") which had been included in Defendants' document production but as a result of "law office error" was overlooked by Plaintiff's counsel and thus not included in Plaintiff's Opposition.  Dkt. 35 at 1.[2] According to Plaintiff, based on the Commission's review of surveillance videos, the Report bolsters Plaintiff's contentions that Defendants failed to properly patrol the Special Housing Unit ("SHU") gallery where Blancke's cell was located during the 5 – 6 a.m. time frame, as required by DOCCS directive, on December 14, 2013, during which the altercation allegedly occurred and failed to respond promptly to sounds from the cell

---

[1] The New York State Commission on Corrections, created by N.Y. Corr. Law § 41 (McKinney 1975), is required by N.Y. Corr. Law § 47 (McKinney 2021) to investigate and issue reports concerning the deaths of inmates incarcerated at state and local prisons.

[2] An unredacted version of the December 13, 2019 Letter was docketed in restricted form, limiting access to the parties and the court (Dkt. 34).  The December 17, 2019 Letter was filed in redacted form (Dkt. 35), and in unredacted form under seal (Dkt. 37-1).

indicating a fight was taking place which failure allowed Karris to assault Blancke for approximately 40 minutes without any intervention by Defendants, constituting an Eighth Amendment violation based on Defendants' failure to protect Blancke.  Dkt. 35 at 2.  Plaintiff further contends the Report provides evidence supporting Plaintiff's allegations that the sounds emanating from the cell should have alerted Defendants Baugh and Brown to Blancke's need for assistance supporting Plaintiff's Opposition of Defendants' motion. *See* Dkt. 35 at 2.

Plaintiff further argues that the Report findings that Defendants' delay in responding to Blancke's, who was still alive when Defendants responded, severe and palpable injuries by administering immediate first aid significantly contributed to Blancke's death.  Additionally, according to Plaintiff, the Report creates material issues of fact as to whether Karris and Blancke were properly approved and designated for double-celling, *i.e.*, housing, in the same call based on their respective psychological profiles and Defendants' failure to provide for Blancke's medical needs prior to the assignment leading to the wrongful double-celling with Karris.  *Id.*  Based on the Report's finding of impropriety by Defendants Baugh and Brown in providing the required degree of protection to inmates against reasonably foreseeable threats and intervention in the case of assaults by another inmate, which Plaintiff contends provides evidence supportive of Plaintiff's allegations, Plaintiff requests that the Report be included in Plaintiff's Opposition despite counsel's failure to include it in Plaintiff's Opposition by October 15, 2018 as required by the court's briefing schedule for filing of opposition to Defendants' motion.  *See* Dkt. 29.

By papers filed December 19, 2019, Defendants moved to strike Plaintiff's December 2019 letters to the court, Dkt. 36, contending the Report was included in Defendants' document productions, a fact readily discernible by examination of Defendants' production in digital form on a USB drive according to Defendants.  Dkt. 36-1 ¶¶ 33-34.  Defendants, accordingly, maintain Plaintiff fails to demonstrate Plaintiff exercised reasonable diligence in conducting discovery and thus fails to establish good cause required by Fed.R.Civ.P. 16(b) for reopening discovery.  Dkt. 36-2 at 3-4. Defendants further contend Plaintiff had an adequate period of time (one year) within which to obtain discovery prior to Defendants' motion, Dkt. 36-2 at 4-5, and that Plaintiff's Rule 56(d) request is based on pure speculation as to what evidence, if any, Plaintiff expects to obtain pursuant to Rule 56(d) through belated depositions.  Dkt. 36-2 at 5.  Defendants also argue that nothing in the Report's findings sufficiently implicates Defendants to the extent necessary to establish there exists material triable issues of either Defendants' deliberate indifference or personal involvement, essential elements of Plaintiff's Eighth Amendment claims.  *Id.* at 8-9.  Finally, Defendants maintain the December Letters fail to comply with Local R.Civ.P. 7(a)(1) which requires a motion with supporting affidavit for all pretrial relief in civil cases.

Plaintiff's opposition to Defendants' motion to strike was filed January 2, 2020 (Dkt. 37) in which Plaintiff contended that Plaintiff's depositions of Defendants were expected to be coordinated with Defendants' agreement with the schedule for deposition discovery in Plaintiff's pending N.Y. Court of Claims negligence case against New York State on account of Blancke's death in order to avoid unnecessary duplication.  Dkt. 37-1 at 5.  According to Plaintiff, Plaintiff's ability to conduct

depositions in this case and the Court of Claims case on a coordinated basis was hampered by a then pending motion in the Court of Claims matter thus excusing Plaintiff from strict compliance with the Scheduling Order's October 2017 discovery cut-off seeking Defendants' depositions prior to the discovery cut-off date.  Dkt. 37-1 at 6.  The New York Court of Claims motion was decided by Judge Richard E. Sise on August 30, 2019.  Dkt. 37-3 at 20.  The present status of the Court of Claims case was not in the record.

In Defendants' Reply, filed January 6, 2020 (Dkt. 38), Defendants contend Defendants never agreed to "keep discovery open" in reference to Plaintiff's action in the Court of Claims but Defendants did acknowledge that coordination of depositions would be accomplished.  *See* Dkt. 38-1 ¶¶ 4-6 (Declaration of Christopher L. Boyd Ass't Attorney General dated January 6, 2020) (Plaintiff's negligence claims in that action were dismissed based on late notice of claim; Plaintiff's wrongful death claim was allowed to proceed, *see* Dkt. 37-3).  Defendants also reiterated that Plaintiff failed to request any amendment of the Scheduling Order in this case to enlarge the discovery period.  Dkt. 38 at 3-4.  Oral argument on Plaintiff's Rule 56(d) motion and requests and Defendants' motion to strike was deemed unnecessary.

It is fundamental in federal civil litigation that the court has broad discretion in its supervision of pre-trial discovery.  *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) ("'A trial court enjoys wide discretion in its handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion.'" (quoting *In re DG Acquisition Corp.,* 151 F.3d 75, 79 (2d Cir.1998)).  Further, law office failures to comply with required time-tables in civil cases may be excused where such

failures arise from excusable neglect.  *See* Fed.R.Civ.P. 6(b)(1)(B).  Excusable neglect is a flexible rule based on the equities of the circumstances giving rise to the oversight and in order to achieve substantial justice. *See Pioneer Inv. Services, Inc. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 390-95 (1993); *Cohen v. Bd. of Trustees of Univ. of D.C.*, 819 F.3d 476, 479 (D.C. Cir. 2016) (excusable neglect is a totality of circumstances inquiry); *see also Williams v. KFC Nat. Management Co.*, 391 F.3d 411, 415 (2d Cir. 2004) (excusable neglect is an equitable determination based on consideration of "all relevant circumstances" (citing *Pioneer Inv. Services, Inc*., 507 U.S. at 395)).  Finally, Rule 1 of the Federal Rules of Civil Procedure requires the court to apply the rules to achieve "just, speedy, and inexpensive determination" (underlining added) in cases before the court.

Here, it appears Plaintiff's counsel may have been inattentive to both the October 2017 discovery cut-off date as well as the inclusion of the Report in Defendants' document production which, but for counsel's oversight, would have enabled Plaintiff to timely seek additional time for deposition practice by request to the court to amend the Scheduling Order and to include the Report in Plaintiff's Opposition to Defendants' motion.  Here, it is at least arguable whether the Report, for purposes of Fed.R.Civ.P. 56(c)(1) (on summary judgment material questions of fact require admissible evidence), constitutes admissible evidence, *see Bridgeway Corp. v. Citibank,* 201 F.3d 134, 143 (2d Cir. 2000) (governmental agency investigative reports admissible evidence pursuant to Fed.R.Evid. 803(8)(c) where report contains factual findings based on investigation pursuant to lawful authority unless "'sources of information or other circumstances indicate lack of trustworthiness'").  *Ross v. American Exp. Co.* 36 F.Supp.3d 407, 435 n.

27 (S.D.N.Y. 2014) (data contained in official government report and study, *i.e.*, Consumer Financial Protection Bureau ("CFPB") arbitration study, was admissible under public records exception to hearsay rule, FRE 201(b), (d) and 803(8)). Defendants do not argue the Report, required by N.Y. Corr. Law § 47 (Commission on Corrections Medical Board is authorized to "[i]nvestigate and review the cause and circumstances surrounding the death of any incarcerated individual of a correctional facility" and to submit its report on such death to the Commission), does not make factual findings based on an investigation, required by law or is otherwise lacking in trustworthiness.  Additionally, Plaintiff's counsel's belief that depositions were to be scheduled after a pending motion in the Court of Claims action was decided provides support that counsel was not indifferent to the need for depositions to be conducted prior to filing dispositive motions.  It would be odd that experienced counsel would delay depositions in a case like this without some reason.  Further, given the gravity of Plaintiff's claims, the court finds that Plaintiff's counsel's failure to obtain Defendants' formal stipulation to extend the period for discovery should not result in Plaintiff being rendered unable to fairly oppose summary judgment without Defendants' depositions and other necessary discovery.

    In the instant case, both Rule 6(b)(1)(B) and Rule 56(d) support Plaintiff's request to extend discovery to permit her to depose the named Defendants.  Although Plaintiff has not separately moved pursuant to Rule 6(b)(1)(B) for an extension of time to conduct further discovery to oppose summary judgment, especially the taking of depositions, the court construes Plaintiff's request for such relief as the requisite motion under Rule 6(b)(1)(B).  *See United States v. $ 41,352.00 U.S. Currency*, 2015 WL

5638211, at *4 (W.D.N.Y. Sept. 24, 2015) (construing request for an enlargement of time to file answer made in opposition to a motion to strike a claim as a motion pursuant to Fed.R.Civ.P. 6(b)(1)(B) to extend time to file answer for excusable neglect). Significantly, the required "excusable neglect" can be satisfied by, *inter alia*, attorney incompetence. *$ 41,352.00 U.S. Currency*, 2015 WL 5638211, at *4 (citing Baicker–McKee Janssen Corr, FEDERAL CIVIL RULES HANDBOOK 2015 Thomson Reuters at 324 (citing caselaw)).

Further, although a party opposing summary judgment is not automatically entitled to discovery, *Gualandi v. Adams*, 385 F.3d 236, 244-45 (2d Cir. 2004), Rule 56(d) permits such discovery provided the nonmoving party who seeks further discovery to oppose summary judgment makes a "show[ing] by affidavit or declaration" of the reasons the requested discovery is needed. "To request discovery under Rule 56[(d)], a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Id*. "Even where a rule 56[(d)] motion is properly supported, a district court may refuse to allow additional discovery if it deems the request to be based on speculation as to what potentially could be discovered." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, 265 F.3d 97, 117 (2d Cir. 2001) (internal quotation marks and citation omitted). Whether to permit discovery pursuant to Rule 56(d) is a matter of the court's discretion. *Id*.

In support of the requested discovery, Plaintiff filed the Correa Declaration in Opposition to Defendants' Motion for Summary Judgment (Dkt. 31-1) ("Correa

9

Declaration"), in which Plaintiff's counsel, Stephanie R. Correa, Esq. ("Correa"),

describes the discovery sought, *i.e.*, the depositions of the named Defendants,

discovery pertaining to treatment of Plaintiff's bipolar and ADHA conditions, and the

circumstances under which Karris was assigned to Plaintiff's cell.  Correa Declaration ¶

4.  Plaintiff explains she expects the information to be obtained from the requested

discovery will assist Plaintiff in establishing the Eighth Amendment Claims, and that

without the discovery, Plaintiff will be required to rely on declarations provided by the

Defendants without an opportunity to cross-examine such parties.  *Id*. ¶¶ 3-4.  Plaintiff

further maintains the requested depositions will be taken in connection with the parallel

New York Court of Claims action.  *Id*. ¶ 5.  In Plaintiff's Memorandum of Law in

Opposition to Summary Judgment (Dkt. 31) ("Plaintiff's Memorandum"), Plaintiff

attributes the failure to earlier schedule the depositions now sought to an intention to

conduct the depositions of the named Defendants in both the instant case and the

parallel Court of Claims action at the same time, an arrangement to which former

Assistant New York Attorney General Christopher Boyd previously agreed at a

scheduling conference before the undersigned and reiterated by the Assistant Attorney

General as defense counsel in the Court of Claims case on December 19, 2019.

Plaintiff's Memorandum in Opposition to Defendants' Motion to Strike at 2-3 (Dkt. 37-1

at 5-6) (citing August 9, 2017 Scheduling Conference).  Although generally, calendaring

errors will not support excusable neglect for purposes of Rule 6(b)(1)(B), *see Shorette*

*v. Harrington*, 234 Fed. Appx. 3, 5 (2d Cir. 2007) ("law office calendaring error ... does

not constitute excusable neglect"), in the instant case, Plaintiff's understanding that

depositions of the named Defendants would be coordinated so as to provide for one set

of depositions to be taken with regard to both the instant case and the Court of Claims action established more than a "calendaring error."

While not condoning Plaintiff's counsel's apparent oversight in conducting discovery and to oppose Defendants' motion, neither can the court in good conscience overlook the harsh impact of such oversight, unless excused by the court in the interest of justice, *see Lent v. Signature Truck Systems, Inc.*, 2009 WL 3305788, at * 3 (W.D.N.Y. Oct. 14, 2009) (permitting additional discovery "in the interest of justice" of having the matter determined on its merits), upon Plaintiff's ability to prosecute this action.  For example, depositions of Defendants may provide evidence sufficient to avoid summary judgment on at least Plaintiff's failure to protect claim.  At Karris's murder trial Defendant Baugh, who was assigned guard duty on the SHU gallery where Blancke's cell was located, testified he did not hear any sounds while on duty signifying a fight was then occurring in Blancke's cell that should have alerted Baugh to immediately investigate and, if necessary, intervene.  *See* Dkt. 31-1 at 495-96.  Such denial appears contrary to the Report's finding that surveillance video of Blancke's cell area included sounds of a serious altercation at that time.  *See* Dkt. 34-1 at 10.  Nor do Defendants point to serious prejudice to Defendants if discovery is reopened on a limited basis.  Accordingly, the court finds Plaintiff's counsel's failure to timely seek to enlarge the discovery period to allow for depositions and to include the Report in Plaintiff's Opposition to constitute excusable neglect and that in the circumstances the court should exercise its discretion in supervising discovery to permit Plaintiff to do so.

11

**CONCLUSION**

Based on the foregoing, Plaintiff's request to include the Report in Plaintiff's Opposition to Defendants' motion (Dkt. 31) is GRANTED; Defendants' motion to strike (Dkt. 36) is DENIED; Defendants' motion (Dkt. 27) is DISMISSED without prejudice to refiling following completion of further discovery consistent with this Decision and Order. An amended Scheduling Order extending the time for completion of discovery limited to depositions and any other of Plaintiff's outstanding discovery requests for four months will be filed simultaneously with this Decision and Order.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  January 28th, 2022
        Buffalo, New York