UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LAURIE ANN SMITH, *Individually and as Administratrix of the Estate of Thomas J. Blancke, Sr., deceased*,

        Plaintiff,

    v.

ADRIAN BAUGH, *et al.*,

        Defendants.

16-CV-906-LJV-LGF
DECISION & ORDER

---

On November 10, 2016, the plaintiff, Laurie Ann Smith, individually and as administratrix of the estate of Thomas J. Blancke, Sr., commenced this action under 42 U.S.C. § 1983.[1]  Docket Item 1.  This Court then referred the case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Items 12, 28.

On August 9, 2017, Judge Foschio issued a scheduling order requiring the completion of fact discovery by August 9, 2018, and the filing of any dispositive motions by November 20, 2018.  Docket Item 16.  Consistent with that order, the defendants filed a motion for summary judgment on September 7, 2018.  Docket Item 27.  In her

---

[1] Smith's fourth cause of action alleges loss of companionship under 42 U.S.C. § 1983.  Docket Item 1 ¶¶ 54-56.  The defendants sought summary judgment on this claim, arguing that courts in the Second Circuit do not recognize loss of consortium or companionship claims under section 1983.  Docket Item 27-1 at 21-22.  In response, Smith "withdrew" her claim.  Docket Item 31 at 15.  Because the Court denies the defendants' motion for summary judgment without prejudice, *see infra* at 10, and because Smith has not formally withdrawn the claim, the Court will not dismiss Smith's claim for loss of companionship at this time.

1

response to that motion, Smith argued that the defendants' motion was premature because she had been unable to take depositions or engage in expert discovery; she therefore requested the opportunity to conduct depositions of the parties and some nonparty witnesses.[2]  Docket Item 31 at 5-7.  On October 26, 2018, the defendants replied, arguing that Smith was not denied discovery, contending that she otherwise failed to meet her burden under Federal Rule of Civil Procedure 56(d) to reopen discovery, and providing further support for their motion for summary judgment.  Docket Item 32.

On January 28, 2022, Judge Foschio issued a Decision and Order ("D&O") that, in relevant part, extended discovery and "dismissed" the defendants' motion for summary judgment without prejudice to refiling following the completion of discovery.  Docket Item 39 at 12.  Specifically, Judge Foschio found that Federal Rules of Civil Procedure 6(b)(1)(B) and 56(d) both supported Smith's request to extend discovery.  *Id.* at 8.  Judge Foschio therefore did not substantively address the defendants' motion.

On February 7, 2022, the defendants appealed Judge Foschio's decision and asked this Court to consider the merits of their motion for summary judgment.  Docket Item 41 at 23.  The defendants argued that: (1) Smith's request to reopen discovery under Rule 56(d) was untimely because it was made after the discovery deadline had passed and the defendants had moved for summary judgment, *id.* at 7-10; (2) Smith failed to meet her burden under Rule 56(d), *id.* at 10-16; (3) Judge Foschio improperly and *sua sponte* considered Smith's request under Rule 6(b)(1)(B) without notice, *id.* at 10-11; (4) Smith failed to meet Rule 6's "excusable neglect" standard, *id.* at 17-21; and

---

[2] Smith did not file a formal motion to reopen discovery.

(5) the equities otherwise weigh in their favor, *id.* at 21-23.  On March 16, 2022, Smith opposed the defendants' appeal, Docket Item 46, and on March 30, 2022, the defendants replied, Docket Item 47.

This Court has carefully reviewed Judge Foschio's D&O, the parties' submissions to him, and the defendants' appeal.  Based on that review and for the reasons that follow, the Court affirms Judge Foschio's decision to reopen discovery and denies the defendants' appeal.

## DISCUSSION[3]

"[W]ith respect to non-dispositive discovery disputes, the magistrate judge is afforded broad discretion which a court should not overrule unless this discretion is clearly abused."  *Maxwell v. Becker*, 2015 WL 5793403, at *1 (W.D.N.Y. Sept. 30, 2015) (quoting *Germann v. Consolidated Rail Corp.*, 153 F.R.D. 499, 500 (N.D.N.Y. 1994)); *see also* 28 U.S.C. § 636(b)(1)(A) (providing that a district judge may reconsider a magistrate judge's decision on a non-dispositive order only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law").[4]

---

[3] The Court assumes the reader's familiarity with the factual background of this case and Judge Foschio's analysis in the D&O.  *See* Docket Item 39.

[4] The parties disagree as to the appropriate standard of review.  The defendants argue that because Judge Foschio "den[ied]" their motion for summary judgment without prejudice, the Court should construe the D&O as a report and recommendation and their appeal as objections that trigger *de novo* review.  Docket Item 41 at 6-7; Docket Item 47 at 3-4.  Smith argues that this Court must review the D&O for clear error because Judge Foschio did not resolve the defendants' dispositive motion and because Judge Foschio only exercised his broad discretion to reopen discovery.  Docket Item 46 at 11-12.

As an initial matter, the Court notes that Judge Foschio did not "deny" the defendants' summary judgment motion; instead, he "dismissed" it pending further discovery.  Docket Item 39 at 12.  Nonetheless, the Court agrees that this dismissal effectively "amounted to a ruling on a dispositive matter, something that exceeds a

3

Judge Foschio reopened discovery based in part on Rule 56(d). *See* Docket Item 39 at 8-10. The defendants argue that Judge Foschio erred in that regard because motions for additional discovery under that rule "'should be made before the close of discovery.'" Docket Item 41 at 8-9 (quoting *Justice v. Wiggins*, 2014 WL 4966896, at *6 (N.D.N.Y. Sept. 30, 2014)) (citing *Espada v. Schneider*, 522 F. Supp. 2d 544, 549 (S.D.N.Y. 2007) ("The relief that may be afforded under Rule [56(d)] is not available when summary judgment motions are made after the close of discovery[.]")). But a recent Second Circuit decision suggests that the principle upon which the defendants rely is not absolute.

In *Moccia v. Saul*, 820 F. App'x 69, 70 (2d Cir. 2020) (summary order), the Second Circuit addressed a district court's decision granting summary judgment and denying a Rule 56(d) request for additional discovery made after the close of discovery. The Second Circuit affirmed the decision denying the motion to reopen discovery, but it

---

magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A)." *Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 25 (2d Cir. 2012) (summary order).

But while the ideal approach would have been to recommend that this Court find the defendants' motion for summary judgment premature based on the decision to reopen discovery, or to stay the summary judgment motion until discovery was complete, the effect of Judge Foschio's ruling was simply to allow more discovery, something certainly within his authority. What is more, the defendants' objection focuses on Judge Foschio's decision to allow further discovery—an order on a non-dispositive issue that he was designated to *hear and determine*, and an order that this Court can set aside only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

For that reason, this Court affirms Judge Foschio's decision to extend discovery after review for clear error; construes his "dismiss[al]" of the defendants' summary judgment motion as a recommendation that this Court deny the motion without prejudice; accepts that recommendation after *de novo* review; and denies the motion for summary judgment pending completion of discovery. The defendants may renew their motion for summary judgment if and when they deem it appropriate.

did so on the merits, suggesting that a late motion under Rule 56(d) is not an absolute bar.  *See id.* at 70-71 (noting that the defendant had already responded to similar discovery requests; that the district court had characterized some requests as "extremely overbroad"; and that the district court had reasonably denied requests that could have been made earlier in the litigation).  So Judge Foschio apparently had the discretion to entertain the request for more discovery under Rule 56(d) even though the request was made after discovery closed and a motion for summary judgment was pending.

And even if he did not have that discretion under Rule 56(d), Judge Foschio also addressed Smith's request for further discovery under Rule 6(b)(1)(B).  *See* Docket Item 39 at 8-9.  That rule explicitly permits a court to extend any deadline—even one that has already passed—if a party failed to act because of "excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  And Judge Foschio expressly noted the excusable neglect standard, *see* Docket Item 39 at 6-9, detailing several reasons why any failure to act by counsel was excusable, *see id*. at 7-8.

The defendants argue that Judge Foschio erred in addressing Rule 6(b)(1)(B) because Smith did not expressly move for relief under that rule.  *See* Docket Item 41 at 10-11.  And they argue that it was improper to apply the Rule 6(b)(1)(B) standard for extending scheduling order dates when Rule 56(d) applies specifically to summary judgment motions.  *Id*.  But courts have applied Rule 6(b)(1)(B) even when parties do not expressly invoke the rule.  *See United States v. $41,352.00 U.S. Currency*, 2015 WL 5638211, at *4 (W.D.N.Y. Sept. 24, 2015) (construing request for more time to file answer made in opposition to motion to strike claim as motion under Rule 6(b)(1)(B) to

extend time for excusable neglect); *Miller v. City of Ithaca*, 2012 WL 1565110, at *1 (N.D.N.Y. May 2, 2012) (applying Rule 6(b)(1)(B) standard for extending time to letter motion invoking Rule 56(d)). Likewise, the fact that Rule 6(b)(1)(B) might impact a summary judgment deadline does not mean that it is trumped by Rule 56(d). *See Miller*, 2012 WL 1565110, at *1 (finding excusable neglect under Rule 6 and extending time to file statement of material facts in opposition to motion for summary judgment). Accordingly, Judge Foschio did not err in assessing Smith's argument under both the Rule 56(d) and Rule 6(b)(1)(B) standards.

The defendants also challenge the substance of Judge Foschio's decision to extend discovery under Rules 56(d) and 6(b)(1)(B). In assessing Smith's Rule 56(d) request, Judge Foschio noted that a party seeking such relief must show (1) the facts sought and how they will be obtained; (2) how those facts might reasonably raise a genuine issue of material fact; (3) what efforts were made to obtain them; and (4) why the efforts were unsuccessful. Docket Item 39 at 9 (citing *Gualandi v. Adams*, 385 F.3d 236, 244-45 (2d Cir. 2004)). In granting Smith's request, Judge Foschio found that her counsel's declaration satisfied those requirements. In fact, Judge Foschio explicitly found that: (1) the declaration described the discovery sought, namely the depositions of the named defendants, information pertaining to the treatment of Blancke's bipolar and attention-deficient/hyperactivity disorders, and the circumstances under which Karris and Blancke were assigned to the same prison cell, Docket Item 39 at 9-10; (2) the declaration sufficiently explained how that information might assist Smith in establishing viable Eighth Amendment claims, *id.* at 10; and (3) the parties had discussed coordinating the depositions with those in a parallel action in the New York

State Court of Claims, but a partial dispositive motion pending in that action delayed discovery, *id.* at 5-6, 10.

In their objections, the defendants assert that counsel's declaration is insufficiently precise as to the facts Smith hopes to uncover, Docket Item 41 at 11-12, and offers only a conclusory statement that the requested discovery can reasonably be expected to raise a genuine issue of material fact, *id.* at 12-13. They also argue that there was no agreement to coordinate depositions, noting that Smith's statement to the contrary was unsworn and refuted by their counsel's declaration. *Id.* at 14. And they observe that litigants cannot extend discovery deadlines by agreement without the court's blessing.[5] *Id.*

As to the defendants' first two arguments, Judge Foschio reviewed Smith's counsel's declaration and found it sufficient, Docket Item 39 at 9-10—a finding that this Court cannot conclude was clearly erroneous. Moreover, the case law that the defendants cite does not suggest otherwise. Indeed, as Smith correctly notes, by citing cases that came to the opposite conclusion in the exercise of a court's discretion, the defendants simply "ask this Court to substitute its judgment in the place of Judge Foschio['s]"; those cases do not demonstrate that Judge Foschio's decision was contrary to law. *See* Docket Item 46 at 15; *Edmonds v. Seavey*, 2009 WL 2150971, at *2 (S.D.N.Y. July 20, 2009) ("A showing that reasonable minds may differ on the

---

[5] The defendants also argue that permitting additional discovery in this case will make case management orders "entirely meaningless." Docket Item 41 at 16. But that hyperbolic argument is unpersuasive. Extensions are not guaranteed and almost always are case specific. As any lawyer who practices in federal court knows, missing a deadline may have ominous consequences, and a lawyer who neglects a scheduling deadline does so at his or her peril.

7

wisdom of granting the [plaintiff's] motion is not sufficient to overturn a magistrate judge's decision. . . . [T]he party seeking to overturn a magistrate judge's decision carries a heavy burden." (internal quotation marks and citations omitted)).

And as to their other arguments, while the defendants contend that there was never an agreement "to keep discovery in this action open," they admit that both sides had discussed coordinating discovery in this case and the one pending in the New York Court of Claims to avoid duplicative depositions. Docket Item 38-1 ¶¶ 4, 5. In fact, the defendants' counsel explicitly told Judge Foschio that they "would like to keep discovery on the same track"—presumably the same track as discovery in the Court of Claims— and mentioned the potential "need [for] an occasional extension" of the discovery deadline. Docket Item 41-2 at 19-20. So while Smith might have—and should have— moved to extend discovery under Rule 6 before the fact-discovery deadline expired, the statements by defendants' counsel undermine their argument that Smith "made up out of whole cloth . . . some unspecified agreement about [ ] coordinating discovery." *See* Docket Item 41 at 16.

The defendants' arguments about Rule 6 fare no better. Judge Foschio found that reopening discovery was appropriate under Rule 6(b)(1)(B)'s standard of "excusable neglect." Rule 6(b)(1)(B). He correctly noted that "[e]xcusable neglect is a flexible rule based on the equities of the circumstances giving rise to the oversight and in order to achieve substantial justice." Docket Item 39 at 7 (citing *Pioneer Inv. Services, Inc. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 390-95 (1993)). And based on Smith's understanding that discovery in this case would be coordinated with that in the parallel Court of Claims action, Judge Foschio concluded that Smith's

failure to meet the discovery deadline constituted excusable neglect.  Docket Item 39 at 10-11.

The defendants' arguments in support of their objections amount to little more than their disagreement with Judge Foschio's conclusion.  *See* Docket Item 41 at 17-21.  As noted above, Judge Foschio carefully explained why "counsel was not indifferent to the need for" additional discovery, *id*. at 8, but relied on what counsel believed was an informal agreement to coordinate depositions "in both the instant case and the parallel Court of Claims action," *id*. at 14-15.  His decision to forgive any neglect under the circumstances was not clear error, especially when even attorney error might constitute excusable neglect.  *$41,352.00 U.S. Currency*, 2015 WL 5638211, at *4 (citing Baicker–McKee Janssen Corr, FEDERAL CIVIL RULES HANDBOOK 2015 Thomson Reuters at 324 (citing caselaw)).

Like Judge Foschio, this Court does not condone Smith's counsel's "apparent oversight."  *See* Docket Item 39 at 11.  Nevertheless, Judge Foschio, who was supervising discovery and therefore in the best position to decide whether an extension was warranted, found counsel's belief about coordinated depositions to be a sufficient explanation for counsel's failure to timely obtain the discovery at issue.  *Id.* at 10-11.  And on a matter of such discretion, his decision that the discovery deadline should be extended was not clear error.  *See Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C.*, 499 F. Supp. 2d 475, 477 (S.D.N.Y. 2007) ("Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes." (internal quotation marks and citation omitted)).

In sum, the question raised by the defendants' objections is whether Judge Foschio's decision to extend discovery "falls within a range of permissible decisions." *See Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001). And under the circumstances here, his decision to reopen discovery after the deadline passed and after the filing of a summary judgment motion fell well within that permissible range. *See Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y. 2006) ("Although legal authority may support an objection, the critical inquiry is whether there is legal authority that supports the magistrate's conclusion, in which case there is no abuse of discretion."). So even if this Court may have decided the motion differently, it will not revisit Judge Foschio's decision.

For all those reasons, this Court overrules the defendants' objections.[6]

## **CONCLUSION**

For the reasons stated above, the Court affirms Judge Foschio's D&O reopening discovery. The Court construes Judge Foschio's dismissal of the defendants' motion for summary judgment as a recommendation that the motion be denied without prejudice and follows that recommendation. The defendants' motion for summary judgment is DENIED without prejudice to refiling following the completion of further discovery consistent with Judge Foschio's D&O.

---

[6] To the extent that the defendants take issue with the scope of reopened discovery, *see* Docket Item 41 at 3 n.1 ("While the Order Denying Defendants' Motion for Summary Judgment seemed to contemplate a narrowly-tailored, limited reopening of discovery (Dkt. 39, at 12), the subsequently issued amended scheduling order appeared to place no limits on the same."), they are free to file a motion to clarify or otherwise address that issue before Judge Foschio.

SO ORDERED.

Dated:  October 28, 2022
        Buffalo, New York

                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE