UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAURIE ANN SMITH, Individually and as
  Administratrix of the Estate of Thomas J.
  Blancke, Sr., deceased,

                                        Plaintiff,

                v.

ADRIAN BAUGH,
GEORGE BROWN,
MICHAEL WOODARD, and
JOHN and JANE DOES, said names being
  fictitious and presently unknown persons
  believed to be correction officers, employees,
  staff and/or agents of Five Points Correctional
  Facility,

                                        Defendants.
_____

DECISION
and
ORDER

16-CV-00906-LJV-LGF

APPEARANCES:          THE COCHRAN FIRM
                      Attorneys for Plaintiff
                      DEREK SCOTT SELLS, and
                      STEPHANIE ROSE CORREA
                      55 Broadway
                      22nd Floor
                      New York, New York  10006

                      LETITIA A. JAMES
                      ATTORNEY GENERAL, STATE OF NEW YORK
                      Attorney for Defendants
                      CHRISTOPHER L. BOYD,
                      DANIEL RYAN MAGUIRE, and
                      JOEL J. TERRAGNOLI
                      Assistant Attorneys General, of Counsel
                      Main Place Tower
                      Suite 300A
                      350 Main Street
                      Buffalo, New York  14202

## JURISDICTION

This case was referred to the undersigned by Honorable Lawrence J. Vilardo on June 14, 2017, for all non-dispositive pretrial matters (Dkt. 12).  On September 11, 2018, District Judge Vilardo further referred the matter to the undersigned for preparation of a report and recommendation on dispositive motions (Dkt. 28).  The matter is presently before the court on Defendants' motions to quash subpoenas filed February 1, 2023 (Dkt, 60), and to strike expert reports filed February 6, 2023 (Dkt. 62).

## BACKGROUND and FACTS[1]

On November 10, 2016, Plaintiff Laurie Ann Smith ("Plaintiff" or "Smith"), as Administratrix of the Estate of Thomas E. Blancke, Sr., deceased ("the Deceased" or "Blancke"), commenced this action alleging civil rights violations by Defendants Adrian Baugh, George Brown, and Michael Woodard (together, "Defendants"), all correction officers employed by New York State Department of Corrections and Community Supervision ("DOCCS"), in connection with Decedent's death at Five Points Correctional Facility ("Five Points" or "the correctional facility"), on December 14, 2013. Plaintiff particularly alleges that the Decedent, a non-violent convict with mental impairments including a bipolar disorder and ADHD, was housed in isolation in the correctional facility's special housing unit ("SHU") in Cell 23 ("Cell 23"), when, after being denied his psychiatric medications, Blancke became a 'difficult' inmate.  Cell 23 was a double-occupancy cell but Blancke was the only occupant when initially placed there.  According to Plaintiff, on December 13, 2013, one Brian J. Karris ("Karris"), who

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

was incarcerated at Five Points on a conviction of second degree assault and a hate crime against an African American male, was placed in SHU in Cell 23 with Plaintiff. Plaintiff maintains Defendants anticipated Karris would physically assault Plaintiff, yet took no steps to protect Plaintiff.  In the early morning hours of December 14, 2013, sounds consistent with a physical assault emanated from Cell 23 ("the assault"), yet Defendants made no attempt to investigate or to check on Plaintiff's welfare.  Karris eventually called for medical assistance for Plaintiff to which Braugh responded. Plaintiff died twenty minutes later.  On November 20, 2015, Karris was convicted on second degree murder for the assault and death of Blancke.  Defendants filed their answer on June 14, 2017 (Dkt. 11).

Pursuant to this court's original Scheduling Order filed August 9, 2017 (Dkt. 16) ("original Scheduling Order"), relevant to the instant motions, fact discovery was to conclude August 9, 2018, and Plaintiff was to disclose expert witnesses through interrogatories and provide expert reports by August 23, 2018.  On September 7, 2018, Defendants moved for summary judgment.  (Dkt. 27) ("Defendants' summary judgment motion").  While Defendants' summary judgment motion was pending, Plaintiff, by letter to the court dated December 13, 2019 (Dkt. 34) ("December 13, 2019 Letter"), requested permission to submit an additional exhibit in opposition to Defendants' summary judgment motion specifically, the redacted Final Report of the New York State Commission of Correction in the Matter of the Death of Thomas Blancke date June 27, 2017 ("Final Report") (Dkt. 34-1), that Plaintiff had recently received from the New York State Attorney General's Office in a related case pending in the New York Court of Claims, *Smith v. State of New York*, ("state court case").  Plaintiff further asserted that

because the Final Report was "directly responsive" to Plaintiff's initial documents, the
Final Report should have been produced within 30 days of Defendants' receipt of
Plaintiff's initial document demands, *i.e.*, September 22, 2017.  December 13, 2019
Letter at 2.  On December 17, 2017, Plaintiff moved to withdraw her opposition to
Defendants' summary judgment motion, asserting the Final Report raises additional
material facts for which further discovery, including depositions, was needed.  In a
Decision and Order filed January 28, 2022 (Dkt. 39) ("January 28, 2022 D&O"),
Plaintiff's request to reopen discovery was granted and Defendants' summary judgment
motion was dismissed without prejudice to refiling upon completion of discovery.  An
Amended Scheduling Order filed January 28, 2022 (Dkt. 40) ("First Amended
Scheduling Order"), extended the deadline for the completion of fact discovery to May
31, 2022, but did not extend the deadline for expert disclosure or reports.  On February
7, 2022, Defendants filed objections to the January 28, 2022 D&O (Dkt. 41).  On April 6,
2022, Plaintiff and Defendants jointly moved to stay the First Amended Scheduling
Order pending the District Judge's decision on Defendants' objections to the January
28, 2022 D&O (Dkt. 48), and the request was granted by Text Order entered April 7,
2022 (Dkt. 49).  On October 28, 2022, the District Judge affirmed the January 28, 2022
D&O (Dkt. 51).

On November 1, 2022, the Plaintiff and Defendants together filed a letter (Dkt.
52) ("November 1, 2022 Letter"), jointly requesting a new scheduling order permitting
Plaintiff to conduct the discovery contemplated by the First Amended Scheduling Order
which was held in abeyance pending resolution of Defendants' objections to the
undersigned's January 28, 2022 R&R.  The parties specifically request that they be

"allowed until January 22, 2023 to complete fact discovery and February 27, 2023, to complete expert discovery."   November 1, 2022 Letter.  Accordingly, a Second Amended Scheduling Order filed November 2, 2022 (Dkt. 55) ("Second Amended Scheduling Order"), extended the deadlines for the completion of fact discovery to January 22, 2023, and for "[a]ll expert discovery" to February 27, 2023.

By letter to the Clerk of Court for the Western District of New York, filed and dated January 20, 2023 (Dkt. 58) ("January 20, 2023 Letter"), Plaintiff requested the Clerk of Court review and execute the attached subpoenas (Dkt. 58-1) ("the subpoenas") to New York City Office of Mental Health ("OMH"), for certified copies of Karris's mental health records for a period of three years prior to the assault ("OMH Subpoena"), and to NYS Commission of Correction ("the Commission") for an unredacted copy of the Final Report ("Commission Subpoena").  On January 26, 2023, Plaintiff filed a notice of subpoena indicating Plaintiff intended to serve OMH and the Commission Subpoenas.  (Dkt. 59) ("subpoena notice").  The copies of the electronically filed subpoenas bear date stamps indicating they were signed and issued by the Clerk of Court on January 23, 2023.

On February 1, 2023, Defendants moved to quash the subpoenas (Dkt. 60) ("Motion to Quash"), attaching the Memorandum of Law in Support of Motion to Quash Subpoenas (Dkt. 60-1) ("Defendants' Memorandum – Quash").  On February 7, 2023, Plaintiff filed Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Quash Subpoenas (Dkt. 63) ("Plaintiff's Response – Quash"), attaching exhibits A through M (Dkts. 63-1 through 63-13) ("Plaintiff's Exh(s). __ - Motion to Quash").  On February 10, 2023, Defendants filed the Reply Memorandum of Law in Support of

Motion to Quash Subpoenas (Dkt. 65) ("Defendants' Reply – Quash").  The Commission has not objected to the Plaintiff's subpoena; instead, the Commission stated it will comply with the determination of this court.  *See* Plaintiff's Exh. M – Motion to Quash (Dkt. 63-13) at 2 (January 31, 2023 Letter from Commission of Correction to Plaintiff's Attorneys advising the Commission is in receipt of the Commission Subpoena and has no objection to disclosure should the court order the unredacted Final Report be produced).

On February 1, 2023, Plaintiff served the expert disclosures for Evan Cohen, M.D. ("Dr. Cohen"), and Will Adams ("Adams").  On February 6, 2023, Defendants moved to strike as untimely the Plaintiff's expert reports (Dkt. 62) ("Motion to Strike"), attaching the Declaration of Daniel R. Maguire, Esq. (Dkt. 62-1) ("Maguire Declaration"), attaching exhibits A through I (Dkts. 62-2 through 62-10) ("Defendants' Exh(s). __"), and the Memorandum of Law in Support of Motion to Strike Expert Reports and Exclude Testimony (Dkt. 62-11) ("Defendants' Memorandum – Strike").  On February 10, 2023, Plaintiff filed Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Strike Experts (Dkt. 66), attaching exhibits 1 through 8 (Dkts. 66-1 through 66-9) ("Plaintiff's Exh(s). __ - Motion to Strike").  Later on February 10, 2023, Plaintiff filed a corrected Memorandum of Law in Opposition to Defendants' Motion to Strike Experts (Dkt. 67) ("Plaintiff's Response – Strike").[2]  On February 15, 2023, Defendants filed the Reply Memorandum of Law in Support of Motion to Strike Expert Reports and Exclude Testimony (Dkt. 68) ("Defendants' Reply – Strike").

---

[2] Although no difference between Dkt. 66 and Dkt. 67, because Plaintiff refers to Dkt. 67 as "corrected," the court considers Dkt. 67 in analyzing Defendants' Motion to Strike.

Oral argument was deemed unnecessary.  Based on the following, Defendants'

Motion to Quash is DENIED; Defendants' Motion to Strike is DENIED.


## DISCUSSION

Defendants move to quash the subpoenas as issued after the deadline for fact

discovery and to strike Plaintiff's expert witness reports because Plaintiff failed to timely

disclose the experts.

**1.      Motion to Quash**

Defendants argue that the Commission Subpoena[3] should be quashed because

Plaintiff knew about the Final Report upon receiving, prior to December 13, 2019, the

redacted copy of the Final Report, but Plaintiff's issuance of the subpoenas on January

23, 2023, was after the discovery deadline of January 22, 2023.  Defendants'

Memorandum – Quash at 2-4.  In opposition, Plaintiff explains that because the Second

Amended Scheduling Order establishes February 27, 2023 as the deadline for expert

discovery, which would include the depositions of experts and their reports, and

because Plaintiff's experts had requested an unredacted copy of the Final Report to

complete their expert reports, Plaintiff's request that the Clerk of Court issue the

Commission Subpoena was made in connection with expert discovery rather than fact

discovery.  Plaintiff's Response – Quash at 2-3.  Plaintiff further explains that it was on

January 20, 2023, two days before the January 22, 2023 fact discovery deadline that

Plaintiff requested the Clerk of Court to issue the signed Commission Subpoena, but

that January 22, 2023 was a Sunday and, as such, the Clerk of Court could not and did

---

[3] Plaintiff states, and Defendants do not dispute, that OMH has fully complied with the OMH Subpoena.
Plaintiff's Response – Quash at 4.  Accordingly, the court addresses only the Commission Subpoena.

not sign and issue the Commission's Subpoena until January 23, 2023.  *Id*. at 3-4.

Plaintiff also argues Defendants, as party litigants, do not have standing to object to a

subpoena served on a nonparty witness, in this case, the Commission, Plaintiff's

Response – Quash, at 5-6, the unredacted Final Report is discoverable, *id*. at 6-7, and

that Defendants have failed to establish a basis for quashing the Commission

Subpoena.  *Id*. at 7.  In further support of quashing the Commission Subpoena,

Defendants argue they have standing to enforce the Second Amended Scheduling

Order which includes the deadline for fact discovery, Defendants' Reply – Quash at 2,

and newly assert Plaintiff violated the Second Amended Scheduling Order by "serving*"*

the Commission Subpoena after the close of fact discovery on January 22, 2023.  *Id*. at

2-3.  Defendants do not contend the unredacted Final Report is not otherwise subject to

discovery.  Defendants' Motion to Quash is without merit.

Preliminarily, Defendants' Motion to Quash should be denied because

Defendants, as party litigants, do not have standing to quash the Commission

Subpoena served on a nonparty.  In particular, "'[i]n the absence of a claim of privilege a

party usually does not have standing to object to a subpoena directed to a nonparty

witness.'"  *Woodward v. Afify*, 2017 WL 278555, at * 7 (W.D.N.Y. Jan. 23, 2017)

(quoting *Langford v. Chrysler Motors Corp*., 513 F.3d 1126, 1126 (2d Cir. 1975) (citing

5A J. Moore, Federal Practice P. 45.05(a) (2d ed. 1974))).  Here, Defendants do not

claim any privilege supporting Defendants' standing to quash the Commission

Subpoena, and the cases on which Defendants rely are inapposite.

In particular, Defendants rely on *Ferrer v. Racette*, 2017 WL 1750377 (N.D.N.Y.

May 4, 2017) ("*Ferrer*") for the proposition that because the issues of standing and

timeliness are distinct from each other, the late service of the subpoena is an independent basis for quashing a subpoena.  Defendants' Reply at 2.  The subpoena at issue in *Ferrer*, however, was issued on March 16, 2017, more than two weeks after the February 28, 2017 discovery deadline, and was not served until March 22, 2017.  *Ferrer*, 2017 WL 1750377, at * 2.  In contrast, in the instant case, although the Commission Subpoena was issued on January 23, 2023, it was presented to the Clerk of Court on January 20, 2023, prior to the January 22, 2023 discovery deadline.  Defendants also rely on *McKay v. Triborough Bridge and Tunnel Authority*, 2007 WL 3275918 (S.D.N.Y. Nov. 5, 2007) ("*McKay*").  Defendants' Memorandum – Quash at 3; Defendants' Reply – Quash at 2.  Significantly, in *McKay*, the defendants served a subpoena, issued after the close of discovery, on the plaintiff's employer more than five months after discovery closed.  *McKay*, 2007 WL 3275918, at * 2.  Further, in both *Ferrer*, and *McKay*, the subject subpoenas were issued by attorneys, rather than by the court.  *See Ferrer*, 2017 WL 1750377, at *1 (subpoena sought to be quashed as untimely issued was issued by attorney); *McKay*, 2007 WL 3275918, at *2 (stating the "Defendants issued the subpoena to the [defendant]" despite the fact that discovery had closed almost five months earlier).  Accordingly, neither *Ferrer* nor *McKay* supports Defendants' argument that the untimely issuance of the Commission Subpoena by the Clerk of Court renders irrelevant whether Defendants have standing to quash such subpoena.

As to the timeliness of the Commission Subpoena, Fed.R.Civ.P. 45 ("Rule 45__") requires a subpoena commanding the production of, as relevant here, an unredacted copy of the Final Report "must issue from the court where the action is

pending," Rule 45(a)(2), by the Clerk of the Court, Rule 45(a)(3).[4]  Here, the Docket

establishes, as Plaintiff asserts, that Plaintiff provided the Commission Subpoena for the

Clerk of Court's signature on January 20, 2022.  Dkt. 58.  The Clerk of Court, however,

did not sign and issue the Commission Subpoena until January 23, 2023, *i.e.*, the day

after the January 22, 2023 deadline, established by the Second Amended Scheduling

Order, for fact discovery.  Nevertheless, because January 22, 2023 was a Sunday and

the Clerk's Office thus inaccessible, the deadline for filing and thus issuance of the

subpoena was extended to January 23, 2023 by operation of Fed.R.Civ.P. 6(a)(3)(A)

(providing that when the clerk's office is inaccessible and the time for filing is computed

as of a specific date, "the time for filing is extended to the first accessible day that is not

a Saturday, Sunday, or legal holiday . . . .") ("Rule 6(a)(3)(A)").  Relevantly, courts refer

to a prohibition against the issuance of a subpoena by a party after the discovery

deadline has passed, thereby implying a subpoena may issue by the court up to the

discovery deadline.  *See*, *e.g.*, *Dodson v. CBS Broadcasting, Inc*., 2005 WL 3177723, at

* 1 (S.D.N.Y. 2005) (citing cases and 9 *Moore's Federal Practice,* § 45.02 (Matthew

Bender 3d ed. 2005) ("Several courts have concluded that after the discovery deadline

a party may not use a subpoena to obtain materials from third parties that could have

been produced during discovery.")).  Here, based on the application of Rule 6(a)(3)(A),

the subpoena was timely issued, *i.e.*, on January 23, 2023, and thus was compliant with

the January 23, 2023 deadline for serving discovery requests.  Defendants' further

argument that the Commission Subpoena should be quashed because it requests the

---

[4] The court notes Rule 45(a)(3) also permits an attorney who is authorized to practice in the issuing court to issue and sign a subpoena.  It is not clear why, despite being admitted to practice in this court, neither of Plaintiff's attorneys issued and signed the Commission Subpoena.

Commission provide the unredacted Final Report by February 3, 2023, which is after the close of fact discovery, Defendants' Reply at 3, must be rejected given Defendants lack standing to raise the issue.  Moreover, Defendants' argument overlooks the fact that if the Commission's response to the Commission Subpoena were subject to the Second Amended Scheduling Order, then Plaintiff acted at her peril in serving the Commission Subpoena so close to the fact discovery deadline because the January 7, 2023 deadline for motions to compel established by the Second Amended Scheduling Order had already elapsed.  Accordingly, Defendants' Motion to Quash should be DENIED as to Defendants' argument that the Commission Subpoena was not timely issued.

**2.      Motion to Strike**

It is undisputed that Plaintiff never identified any experts in response to interrogatories served by Defendants, particularly Interrogatory No. 5 demanding Plaintiff "[i]dentify all expert witnesses plaintiff expects to call at the trial of this action," responding instead that "Plaintiff has yet to retain an expert in this matter.  If Plaintiff retains an expert, she will do so pursuant to this Court's scheduling Order dated August 9, 2017 and will comply with her discovery obligations pursuant to the Federal Rules of Civil Procedure."  Plaintiff's Response to Defendants' First Set on Interrogatories, Response 5 (Dkt. 62-4 at 4).   In support of their Motion to Strike, Defendants argue that although the Second Amended Scheduling Order extended to February 27, 2023, the deadline for expert discovery, because Plaintiff failed "to identify any expert witnesses through interrogatories," as required by the original Scheduling Order, Plaintiff may not now serve expert reports unless Plaintiff establishes her failure to comply was both

justified and harmless.  Defendants' Memorandum – Strike at 4-7.  In opposition,

Plaintiff argues the Second Amended Scheduling Order's reference to "all expert

discovery" is broad enough to include both disclosure of experts as well as expert

reports and any other related discovery such as depositions of expert witnesses,

Plaintiff's Response – Strike at 7-8, and Defendants' argument that the original

Scheduling Order's reference to identifying expert witnesses through interrogatories is

"frivolous" is without merit given the original Scheduling Order has been amended twice

with the Second Amended Scheduling Order providing a deadline for "all expert

discovery."  *Id*. at 8-9.  Plaintiff further maintains that because she previously indicated

to the court her desire to engage in expert discovery to oppose Defendants' summary

judgment motion, which was filed on September 7, 2018, after Plaintiff responded to

Defendants' interrogatories on November 27, 2017, and moved with Defendants'

consent to amend the First Amended Scheduling Order to allow for extending the

deadline for "all expert discovery" to February 27, 2023, Defendants cannot claim to

have been surprised by Plaintiff's belated decision to engage experts.  *Id*. at 9

(underlining added).  In reply, Defendants essentially reiterate their arguments originally

asserted in support of the Motion to Strike.  Defendants' Reply – Strike, *passim*.

Although it is generally the undersigned's practice to provide separate dates for

the designation of expert witnesses and the filing of expert reports, the court is not privy

to discovery responses where the parties are represented by counsel.  The court thus

relied on the parties' representations made in the November 1, 2022 Letter in issuing

the Second Amended Scheduling Order.  As Defendants observe, Plaintiff never

identified any experts in response to Defendants' interrogatories nor supplemented their

responses.  Nevertheless, Defendants jointly requested the Second Amended Scheduling Order which provided for the February 27, 2023 deadline for "all expert discovery."  Accordingly, Defendants cannot now claim they were unaware that by agreeing to the inclusion of a new date for the conclusion of "all expert discovery" in the Second Amended Scheduling Order, which did not provide separate dates for designating expert witnesses and the provision of expert reports, they did not anticipate that Plaintiff would provide reports from previously undisclosed expert witnesses.  To hold otherwise would render the Second Amended Scheduling Order superfluous, which the court is to avoid.  *See Automotive Lift Institute, Inc. v. Backyard Buddy, Inc*., 2010 WL 11681593, at * 3 (N.D.N.Y. May 20, 2010) (declining to construe court's order in a manner that was redundant or superfluous).   Accordingly, Defendants' Motion to Strike is DENIED.

## **CONCLUSION**

Based on the foregoing, Defendants' Motion to Quash (Dkt. 60), is DENIED; Defendants' Motion to Strike (Dkt. 62), is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      April 4, 2023
            Buffalo, New York